## MELVIN v. WOOD.

September, 1867.

A bill of particulars annexed to the complaint forms part of it, and is amendable accordingly.

A referee has power, on the trial of the issues, to allow a new bill of particulars to be substituted for that annexed to the complaint.

Austin Melvin and others sued James Wood and others, in the supreme court, to recover a balance of account. The account included charges for goods sold and moneys advanced by plaintiffs to defendants, and credits for proceeds of sales on commission, damages for injured goods, interest, &c.

The plaintiffs annexed to the complaint a bill of particulars or copy of the account. The referee allowed them to amend this upon the trial, by substituting a new bill of particulars.

He also refused to receive in evidence the defendants' books when offered on their own behalf.

Judgment was given for plaintiffs, and defendants appealed.

*John Graham,* for defendants, appellants;—Cited Buffalo City Bank *v.* Howard, 35 *N. Y.* 500; *Code,* §§ 168, 169, 173; Halsey *v.* Sinsebaugh, 15 *N. Y.* 485; Guy *v.* Mead, 22 *Id.* 462; Barker *v.* N. Y. Central R. R. Co., 24 *Id.* 599; Marcly *v.* Shults, 29 *Id.* 346; 5 *Wend.* 301; 1 *A. K. Man.* 188.

*John H. Reynolds,* for plaintiffs, respondents.

BY THE COURT.—DAVIES, Ch. J.—Upon the facts found by the learned referee, the judgment in favor of the plaintiffs for the amount thereof was clearly correct, and must stand, if no errors were committed upon the trial. This I understand to be conceded by the learned counsel for the appellants, and he therefore proceeds in his brief to point out the several erroneous rulings which, in his opinion, he thinks the referee made upon the trial. [After disposing of an unimportant exception to evidence, the learned judge proceeded as follows:]

2. It is objected that the referee erred in allowing the plaintiffs

to amend their bill of particulars. To the complaint was annexed, and served therewith, an account of the defendants with the plaintiffs, appropriately designated as a bill of particulars. It formed a part of the pleadings in the action. Upon the trial, the counsel for the defendant Wood moved for leave to amend his answer, so as to conform the second and third heads of the defense, and particularly the counter-claims, to the testimony already given, and particularly to the testimony of Samuel Barker. The referee decided to allow the amendments to the answer of the defendant Wood, as proposed by his counsel, and thereupon the same was amended accordingly. The plaintiffs' counsel then moved for leave to amend the complaint by substituting, in the place of the original bill of particulars, a new bill of items filed with the referee, to which the counsel for the defendant Wood objected; and the referee overruled the objection, and allowed the amendment to the complaint; and to this decision the counsel for the defendant Wood then and there excepted.

Sections 169 and 173 of the Code fully authorized the referee to amend the pleadings of the respective parties in this action, and we do not regard his rulings in this respect open to review in this court. It was a matter resting in the discretion of the referee, and we think it was properly exercised in the present instance. We think it hardly lies with the defendant to object that the same favor was allowed to the plaintiff which he asked for and was accorded to himself, particularly as the very amendments to his pleadings, which he made by leave of the referee, probably necessitated and called for amendments on the part of plaintiffs. The privilege which was conceded to one party was properly granted to the other, and we see no error in the referee's rulings on this branch of the case.

It is urged that the referee improperly excluded evidence of the contents of the books of the defendants. We are not favored with an authority or a principle whereby it is established or shown that the books of a party can be adduced as evidence on his own behalf, and made testimony against his adversary. Such books are but the acts and declarations of the party making them, and upon no rule of evidence can they be

III—18

competent testimony on behalf of the party keeping and making them.  The referee properly excluded them.

[The remainder of the opinion related to unimportant exceptions.]

All the judges concurred.

Judgment affirmed, with costs.